### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **LATOYA HODGE,** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No.  5:22-CV-281** |
| **LUIS O. GONZALEZ and** **NCYO TRANSPORT CORP.,** | |
| **Defendants.** | |

## DEFENDANTS' NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action is hereby removed by Defendants from the State Court of Bibb County, Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, by and through the filing of this Notice of Removal with the Clerk of the United States District Court for the Middle District of Georgia.

Defendants respectfully state the following as grounds for removal of the instant action:

1.

Defendant Luis Gonzalez was served with the Complaint and Summons on June 29, 2022 Defendant NCY Transport Corp. was served with the Complaint and Summons on June 29, 2022. This Notice of Removal has been filed within thirty- (30) days after a copy of the Summons and Complaint were first received by the aforementioned Defendants and, therefore, it is timely filed pursuant to 28 U.S.C. § 1446(b).

2.

Plaintiff is a citizen of the State of Georgia.  Defendant Luis Gonzalez is a resident of the state of Florida.  Defendant NCYO Transport Corp. is a North Carolina registered corporation.

The Defendants enjoy complete diversity from the Plaintiffs and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Thus, pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the instant matter.

3.

Significantly, Plaintiffs' Complaint alleges that Plaintiff Latoya Hodge was involved in a motor vehicle accident with Defendants and seeks to recover her past medical expenses, future medical expenses, past lost wages, future lost wages, present pain and suffering, and punitive damages.  (Pltfs' Compl., ¶¶ 19-27.)

4.

The Plaintiffs' damages are not clearly specified and, therefore, the Defendants' burden is only to prove that the actual damages would "more likely than not" exceed the minimum jurisdictional amount.  In order to meet this burden, a Defendant must only submit evidence that the case *may* involve more than the jurisdictional amount.  *McPhail v. Deere & Co.*, 529 F.3d. 947 (10th Cir. 2008).   The jurisdictional amount can be inferred from the language of the Complaint, which alleges extensive damages such as medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious or severe injuries.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d. 880 (5th Cir. 2000) (holding that allegations of serious injury coupled with extensive damage requests facially establishes the jurisdictional amount.)

4.

Here, the Complaint describes that Plaintiff Latoya Hodge sustained "serious injury." (Pltfs' Compl., ¶ 25.)  Furthermore, the Plaintiff seeks to recover her present medical expenses, lost wages, as well as future medical expenses and general damages.  (Pltfs' Compl., ¶¶ 19-27.) These allegations necessarily imply that Plaintiff's alleged special damages are significant and will

be ongoing into the foreseeable future.  These allegations facially establish the jurisdictional amount.

5.

Copies of all pleadings served on Defendants in the State Court action are attached hereto as Exhibit B.

6.

The written Notice required by 28 U.S.C. § 1446(d) addressed to the adverse parties in care of their counsel and the Clerk of the State Court of Bibb County, Georgia (copy of which is attached hereto as Exhibit C), will be filed in the State Court action and forwarded to the Plaintiffs upon the filing of this Notice of Removal.

7.

Venue properly lies in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(c) because the subject accident occurred in the Middle District of Georgia and suit was filed in a state court located within said district.

8.

All Defendants consent to the removal of this action to the United States District Court for the Middle District of Georgia.

WHEREFORE, for the above and foregoing reasons, Defendants hereby remove this action from the State Court of Bibb County, Georgia, to this Court and prays this Court takes jurisdiction of this civil action to the exclusion of any further proceedings in the State Court of Bibb County.

Respectfully submitted this 28th day of July, 2022.

*/s/ J. Travis Hall*

J. TRAVIS HALL
Georgia Bar No.: 357464
CHAMBLESS, HIGDON, RICHARDSON,
KATZ & GRIGGS, LLP
Post Office Box 18086
Macon, Georgia 31208-8086
(478) 745-1181
jhall@chrkglaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing DEFENDANTS'
NOTICE OF REMOVAL upon all parties by filing same with the Clerk of Court using the
EM/ECF System and by placing a copy of the same in the United States in a properly addressed
envelope with sufficient postage affixed thereon to ensure First Class delivery to:

Alicia D. Mack
THE MACK LAW FIRM, LLC
P.O. Box 551069
Atlanta, GA 30355
amack@attorneymack.com

This <u>28th</u> day of July, 2022.


*/s/ J. Travis Hall*
J. Travis Hall