**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094394**
JBH
JUN 13, 2022 01:01 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT MACON-BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| LATOYA HODGE<br>Plaintiff,<br><br>v.<br>LUIS O. GONZALEZ and<br>NCYO TRANSPORT CORP<br>Defendants. | * * * * * * * * * | Civil Action Not yet assigned<br>File No.: |

## COMPLAINT FOR DAMAGES

COMES NOW, Latoya Hodge, Plaintiff in the above-styled case, and files this action against Defendants, Luis O. Gonzalez and NCYO Transport Corp., and for her causes of action respectfully shows this Honorable Court the following:

**Jurisdiction and Venue**

1.

Plaintiff, Latoya Hodge (hereafter "Plaintiff") is an adult citizen and current resident of DeKalb County Georgia.

2.

Defendant Luis O. Gonzalez (hereafter "Defendant Gonzalez") is subject to the personal jurisdiction and venue of this court pursuant to Georgia's Nonresident Motorist Act O.C.G.A. § 40-12-1, et seq. Defendant may be served with a copy of the Summons and Complaint in this matter via the Georgia Secretary of State and also at 26 W 11th Street, Apt 5, Hialeah, Florida 33010.

3.

Defendant NCYO Transport Corp. (hereafter "Defendant NCYO") is subject to the

personal jurisdiction and venue of this court pursuant to Georgia's Nonresident Motorist Act O.C.G.A. § 40-12-1, et seq. Defendant NCYO is a foreign corporation, domiciled in North Carolina, and may be served with a copy of the Summons and Complaint in this matter via the Georgia Secretary of State and also at 1031 Allegiance Drive, Charlotte, NC 28217.

4.

Venue is proper upon information and belief that the accident occurred in Bigg County.

**Statement of Facts**

5.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 4 above, as if fully set forth herein, and states as follows:

6.

At all times pertinent to the allegations of this Complaint, Plaintiff owned and operated a 2008 Nissan Rogue with license plate number Z217UM.

7.

At all times pertinent to the allegations of this Complaint, Defendant Gonzalez operated a 2005 Volvo 18-wheeler with license plate number NH6069.

8.

Upon information and belief, at all times as pertinent to the allegations of this Complaint Defendant Gonzalez operated the 18-Wheeler as an employee and/or agent acting within the course and scope of employment for Defendant NCYO.

9.

On June 17, 2020, Plaintiff was driving northbound on I-75. At or about the same time, Defendant Gonzalez was operating his 2005 Volvo 18-wheeler northbound on I-75.

10.

Defendant Gonzalez suddenly and without warning attempted to change lanes and struck Plaintiff's vehicle, resulting in property damage and bodily injuries to the Plaintiff.

### Negligence – Defendant Gonzalez

11.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 10 above, as if fully set forth herein, and states as follows:

12.

At the time of the collision, Defendant Gonzalez was operating the vehicle in an improper and negligent manner by failing to keep a proper lookout, improperly changing lanes, and otherwise driving without proper regard for the rules of the road and the safety of others.

13.

Plaintiff was unable to avoid or otherwise reduce the consequences of the accident.

14.

The actions of Defendant Gonzalez as set forth hereinabove constitute a negligent and reckless disregard for the safety of Plaintiff's person and property.

### Negligence - Defendant NCYO

15.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 14 above, as if fully set forth herein, and states as follows:

16.

Pursuant to O.C.G.A. § 51-2-2, Defendant NCYO Transport Corp. as "master" to Defendant Gonzalez, is responsible for the negligence of Defendant Gonzalez.

17.

Upon information and belief, Defendant NCYO failed to properly train Defendant Gonzalez in the proper operation of its vehicle and observance of traffic rules, and said failure to train constitutes the legal and proximate cause of Plaintiff's injuries.

18.

Upon information and belief, Defendant NCYO knew or should have known Defendant Gonzalez was unfit to drive said vehicle by reason of want of experience, Defendant Gonzalez's physical or mental condition, and/or Defendant Gonzalez's known habit of recklessness or incompetence in driving, and therefore, Defendant NCYO was negligent in entrusting the 18-Wheeler to Defendant Gonzalez.

**Damages**

19.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 18 above, as if fully set forth herein, and states as follows:

20.

As a direct and proximate result of the negligence of the Defendants, Plaintiff incurred serious injuries, including, but not limited to chest pain, neck, mid and lower back injuries, shoulder pain, buttock pain, left hand pain, and headaches.

21.

As a direct and proximate result of the negligence of Defendants Gonzalez and NCYO, Plaintiff sustained serious injuries, incurred past (and will incur future) medical expenses, past and future travel expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future lost wages, reduced earning capacity, and permanent impairment.  Plaintiff is

further entitled to recover any and all other general damages proximately caused by Defendants' negligence.

22.

The proximate cause of the accident was the negligent operation of the motor vehicle by the Defendants, unmixed with any negligence on the part of the Plaintiff.

23.

Plaintiff shows that she is entitled to recover money damages from Defendants as a result of the injuries and pain and suffering caused by the negligence of Defendants, as set forth herein. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendants' negligence.

24.

Plaintiff further shows that she has been required to receive medical treatment as a result of the injuries sustained in the collision and may be required to receive further medical attention and treatment in the future. Plaintiff is entitled to recover from Defendants damages for past and future medical expenses, the exact amount to be proven at trial.

25.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained serious injuries, incurred past and future medical expenses, past and future travel expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future lost wages, reduced earning capacity, and permanent impairment. Plaintiff is further entitled to recover any and all other general damages proximately caused by Defendants' negligence.

26.

Plaintiff is also entitled to recover other necessary expenses against Defendants resulting from the negligence of the Defendants.

Punitive Damages

27.

Defendants' acts and/or omissions demonstrated willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages against Defendants in accordance with O.C.G.A. § 51-12-5.1.

**Trial By Jury**

28.

Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and Defendants be served as provided by law;

(b) That Plaintiff have judgment against Defendants in an amount to be determined by the enlightened conscience of a jury at trial for past, present, and future pain and suffering;

(c) That Plaintiff have judgment against Defendants in an amount to be determined by the enlightened conscience of a jury at trial for past, present, and future medical expenses and for the impairment of Plaintiff's body;

(d) That Plaintiff have judgment against Defendants, in an amount to be determined by the enlightened conscience of a jury at trial, for past and future lost wages, and reduced earning capacity;

(e) That Plaintiff be awarded reasonable attorney's fees; and

(f) That Plaintiff have such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted, this 13th day of June, 2022.

_____
Alicia D. Mack
Georgia Bar No. 451887
Attorney for Plaintiff

**THE MACK LAW FIRM, LLC**
PO BOX 551069
ATLANTA, GEORGIA 30355
PHONE: (770) 450-9599
FAX: (770) 450-9907
amack@attorneymack.com